IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:

**GHOST TOWN PARTNERS, LLC**

Case No. 09-10271
Chapter 11

Tax I.D. No.
Debtor.

## OBJECTION TO DISCLOSURE STATEMENT

BRANCH BANKING AND TRUST COMPANY ("BB&T") hereby objects to approval of the Debtor's Disclosure Statement (the "Disclosure Statement") in accordance with the Order and Notice For Hearing on Disclosure Statement dated October 8, 2009 and respectfully shows the Court the following in support thereof:

1. 11 U.S.C. § 1125 requires that a disclosure statement contain "adequate information". 11 U.S.C. §1125(a)(1) provides that "adequate information" means information of a kind, and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides that adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information". . .

2. The Disclosure Statement fails to provide any information concerning the financial performance of the Debtor since it reopened operations in 2007. At a minimum, the Disclosure Statement should contain:

   (a) the projected financial performance (as projected by the Debtor) for 2007, 2008, 2009 and 2010;

   (b) the actual financial performance for the Debtor for 2007, 2008 and 2009.

This information should contain cash flows and profit and loss statements.

3. The Disclosure Statement should conspicuously disclose that the Plan provides for the discharge of the Debtor/Debtor-in-possession, officers, directors, guarantors and endorsers and/or indemnitors upon confirmation.

\10163644.1

4.  The Disclosure Statement should disclose to the unsecured creditors which are proposed to be paid a percentage of net profits, that the Debtor has never experienced an operational profit in its business and that it is possible that they will receive no payments under the Plan.

5.  The Disclosure Statement should disclose that the equity holders of the Debtor are unimpaired by the terms of the Plan.

BB&T prays that the Court deny approval of the Disclosure Statement and grant BB&T such additional relief as it may be entitled to under the facts and the applicable law.

Date: November 16, 2009.

/s/ Robert H. Pryor
Robert H. Pryor
State Bar No. 10483
McGuireWoods LLP
Post Office Box 31247
Charlotte, NC 28231
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
E-mail: bpryor@mcguirewoods.com
*Attorneys for Branch Banking and Trust Company*

\10163644.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **OBJECTION TO DISCLOSURE STATEMENT** has been served by mailing a copy thereof, first class U.S. mail, postage prepaid to the following:

Ghost Town Partners, LLC
c/o Lynn Sylvester, CPA
675 S. Haywood Street
Waynesville, NC 28786

David G. Gray
81 Central Avenue
Asheville, NC 28801

U.S. Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669

This the 16th day of November, 2009.

/s/Robert H. Pryor
Robert H. Pryor